**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for DEBRA VOLLE, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBRA VOLLE, <br><br> Plaintiff, <br><br> vs. <br><br> BIG 5 SPORTING GOODS CORPORATION, a Delaware corporation dba Big 5 Sporting Goods; KATHRYN K. BERRY, in her individual and representative capacity as trustee of the BERRY 1988 FAMILY TRUST; ROBERT R. BERRY, JR. in his individual and representative capacity as trustee of the BERRY 1988 FAMILY TRUST; and DOES 1-20, Inclusive, <br><br> Defendants. | Case No. 19-5741 <br><br> *Civil Rights* <br><br> **COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES** <br><br><br><br><br><br><br><br> **DEMAND FOR JURY TRIAL** |

# I. INTRODUCTION

1. On July 26, 1990, Congress enacted the Americans with Disabilities Act (ADA), establishing the most important civil rights for person with disabilities in our country's history. 42 USC §12101 et seq.; ADA §2 et seq.

2. The Congressional statutory findings include:

> Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem. 42 USC §12101(a)(2).

> Discrimination against individuals with disabilities persists in such critical areas as...public accommodations...and access to public services; 42 USC §12101(a)(3).

> [I]ndividuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination; 42 USC §12101(a)(4).

> Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural transportation, and communication barriers, [and] failure to make modifications to existing facilities and practices;42 USC §12101(a)(5).

> The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; 42 USC §12101(a)(8) and

> The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.42 USC §12101(a)(9).

3. Congress went on to state explicitly the purpose of the ADA, to be:

> To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; 42 USC §12101(b)(1)

> To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; 42 USC §12101(b)(2). [and]
> To invoke the sweep of congressional authority...in order to address the major areas of discrimination faced day-to-day by people with disabilities.42 USC §12101(b)(4).

4   Congress gave commercial businesses one and a half (1 1/2) years to implement the

1  ADA. The effective date of Title III of the ADA was January 26, 1992.

2  5.  Despite, more than twenty-five years since the enactment of the ADA, Defendants BIG 5 SPORTING GOODS CORPORATION, a Delaware corporation dba Big 5 Sporting Goods; KATHRYN K. BERRY, in her individual and representative capacity as trustee of the BERRY 1988 FAMILY TRUST; ROBERT R. BERRY, JR. in his individual and representative capacity as trustee of the BERRY 1988 FAMILY TRUST; and DOES 1-20, Inclusive, ("Defendants"), still have not brought their public accommodation (land and building), including adjacent parking facilities and paths of travel, commonly known as Big 5 Sporting Goods, and located at or about 3132 Stevens Creek Blvd San Jose, CA 95117 (hereinafter, the "Store") within the statutory and regulatory requirements of the California State Building Code Part 1, Part 2 ('Title 24'), the Americans With Disabilities Act Accessibility Guidelines ('ADAAG'), and the Uniform Building Code ('UBC').

6.  As such, Defendants discriminatorily denied Plaintiff, and other similarly situated persons with physical disabilities, access to the full and equal enjoyment of, opportunity to participate in, and benefits from, the goods, facilities, services, and accommodations thereof.

7.  Defendants were well aware that they needed to make their place of business accessible; therefore, Plaintiff seeks to redress Plaintiff's rights under the ADA and ask this Court to issue monetary, declaratory, punitive and injunctive relief against Defendants to end the ongoing discrimination pursuant to:

- The Americans with Disabilities Act of 1990, 42 USC §12101 et seq.;
- The Disabled Persons Act, California Civil Code §§ 54, 54.1, 54.3.
- The Unruh Act, California Civil Code §§ 51, 515, and 52;
- Health and Safety Code Part 5.5, California Health and Safety Code §19955 et seq.;
- Business & Professions Code §§17 200 et seq. and 17 500 et seq.

## II. JURISDICTION

8.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12201 et seq. Pursuant to supplemental jurisdiction, attendant and

1  related causes of action, arising from the same facts, are also brought under California law,
2  including, but not limited to, violations of California Health & Safety Code § 19955 *et seq.* and
3  the Unruh Act, Cal. Civ. Code § 51 *et seq.*

### III. VENUE

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

### IV. INTRADISTRICT ASSIGNMENT

10.   This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

### V. PARTIES

11.   Plaintiff DEBRA VOLLE ("Plaintiff") is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and Gov. Code, § 12926. Plaintiff has been physically disabled for over a decade after having undergone multiple back surgeries that resulted in the severing of a nerve. Plaintiff depends on a scooter and a walker for mobility. Plaintiff possesses a disabled parking placard issued by the State of California and is a resident of San Jose, California. Consequently, Plaintiff is unable, due to her physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require mobility aids.

12.   Consequently, Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Title III of the ADA, Health and Safety Code Part 5.5., the Unruh Civil Rights Act and the Disabled Persons Act.

13.   Defendants are, and during all relevant times were, the owners, operators, lessors and/or lessees, or agents of the owners, lessors, lessees, and/or alter egos, franchisors and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by

the Store and subject to the requirements of California State Law requiring full and equal access to public facilities pursuant to Health and Safety Code Part 5.5, the Unruh Act, the Disabled Persons Act, Title III of the ADA and all other legal requirements referred to in this complaint.

14. Plaintiff does not know the relative responsibilities of each of the Defendants in the operation of the facilities herein complained of and allege joint venture and common enterprise by all such Defendants.

15. Plaintiff is informed and believes that all named Defendants including Does 1 through 20, inclusive, conspired to commit the acts described herein, or alternatively, aided and abetted one another in performance of the wrongful acts hereinafter alleged.

16. Defendants Does 1 through 20, inclusive, is the agent, ostensible agent master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such similar capacity of each of the other defendants, and was at all times acting and performing, or failing to act or perform, within the scope of his, her, or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such similar capacity, and with the authorization, consent, permission, or ratification of each of the other defendant in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each of the defendants, as herein described.

17. Plaintiff may seek leave to amend when the true names capacities, connections, and responsibilities of Defendants are ascertained, if the same becomes necessary.

18. The Store is a "place of public accommodation" as defined under Title III of the ADA ("Title III"), 42 U.S.C. § 12181(7)(E), and California civil rights laws, Cal. Civ. Code § 51 *et seq.* and Health & Safety Code § 19955 *et seq.*

### VI. FACTS UPON WHICH ALL CLAIMS ARE BASED

19. Plaintiff and other similarly situated, are physically disabled persons who depend on mobility devices, are unable to access and use the goods, services, and facilities offered at the Store on a "full and equal" basis unless they are brought into compliance with Title III, *42 U.S.C.*

§ 12181 *et seq.*; Health & Safety Code § 19955 *et seq.*, and California Code of Regulations, Title 24-2 ("Tit. 24-2"), all of which were enacted to ensure full and equal access for persons with disabilities in places of public accommodation. Plaintiff is a member of that portion of the public whose rights are protected by these laws.

20. Plaintiff went to the Store on or about June 23, 2019 to purchase a tent. During this visit Plaintiff was denied full and equal access to the Store. Plaintiff could hardly maneuver anywhere inside of the Store with her walker because the interior aisles were too narrow. Plaintiff left feeling offended.

21. Plaintiff returned to the Store on or about August 3, 2019 in order to purchase shoes. Plaintiff once again had difficulties navigating inside of the Store because the aisles were simply too narrow. Plaintiff was unable to reach the part of the Store that sells shoes.

22. Plaintiff would have returned to the Store a week after her visit that took place on or about August 3, 2019 but was deterred because the accessibility difficulties experienced by Plaintiff during her previous visits.

23. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Store on or about August 29, 2019. While he could not make detailed measurements, he determined that the Store was also inaccessible in multiple other ways, including, but not limited to, the following:

- Tow away sign does not have proper information
- "No parking" stamped on parking access aisle is not visible
- ADA parking has slopes over 2%
- ADA access aisle have slopes over 2%
- Front entrance door fast closing
- When only one register is open, ADA register is not in use
- Changing room door handle requires twisting
- No clearance in changing room
- Exit door to bathroom vestibule is heavy

- Exit door to bathroom vestibule is fast closing
- Exit vestibule door to bathroom does not provide clearance on pull side due to fridge
- No directional signage to bathroom
- Sink pipes in bathroom are not protected

24. Plaintiff wishes to shop at the Store in the future but is deterred from doing so because of Defendants' persistent violation of the Americans with Disabilities Act and supplemental California statutes. Plaintiff was and will continue to be denied access to the "goods, services, facilities, advantages, or accommodations" offered by the Store and has suffered discrimination, humiliation, and embarrassment all to her damage. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury. Plaintiff could and would patronize the Store if Defendants make it accessible.

25. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

26. Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

## VII. FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990
### (42 U.S.C. § 12101 *et seq.*)
### *Denial of "Full and Equal" Enjoyment and Use*
### *(Against All Defendants & Each of Them)*

27. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the

allegations contained in Paragraphs 1 through 26 of this Complaint and incorporates them herein as if separately repled.

28. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

29. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Store during each visit and/or each incident of deterrence.

### *Failure to Remove Architectural Barriers in an Existing Facility*

30. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

31. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

32. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Store without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so. In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal.

33. In the alternative, if it was not "readily achievable" for Defendants to remove the Store's barriers, then Defendant violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### *Failure to Design and Construct an Accessible Facility*

34. On information and belief, the Store was designed or constructed (or both) after January 26, 1992-independently triggering access requirements under Title III of the ADA.

35. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

36. Here, Defendants violated the ADA by designing or constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

### *Failure to Make an Altered Facility Accessible*

37. On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

38. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

39. Here, Defendants altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Plaintiff, to the maximum extent feasible.

### *Failure to Modify Existing Policies and Procedures*

40. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

41. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

42. Plaintiff seeks all relief available under the ADA (*i.e.,* injunctive relief, attorneys' fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

43. Plaintiff also seeks a finding from this Court (*i.e.,* declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

### VIII. SECOND CAUSE OF ACTION
### VIOLATION OF CALIFORNIA DISABLED PERSONS ACT
**California Civil Code sections 54, *et seq.***
***(Against All Defendants & Each of Them)***

44. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 43 of this Complaint and incorporates them herein as if separately repled.

45. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

46. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

47. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See California Civil Code §§ 54 (c) and 54.1 (d).

48. Here, Defendants discriminated against the physically disabled public, including Plaintiff, by denying them full and equal access to the Store. Defendants also violated Plaintiff's rights under the ADA, and, therefore, infringed upon or violated (or both) Plaintiff's rights under the Disabled Persons Act.

49. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 54.3, Plaintiff prays for judgment as set forth below.

## IX. THIRD CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### California Civil Code sections 51 *et seq.*

*(Against All Defendants & Each of Them)*

50.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 49 of this Complaint and incorporates them herein as if separately repled.

51.  California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

52.  California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

53.  California Civil Code §51 (f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

54.  Defendants' aforementioned acts and omissions denied the physically disabled public, including Plaintiff, full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of her physical disability).

55.  These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

56.  Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

## X. FOURTH CAUSE OF ACTION

## DENIAL OF FULL AND EQUAL ACCESS TO A PERSON WITH PHYSICAL DISABILITIES IN A PUBLIC FACILITIES

### Health and Safety Code sections 19955 et seq.

*(Against All Defendants & Each of Them)*

57. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 56 of this Complaint and incorporates them herein as if separately repled.

58. California Health & Safety Code §§ 19955 et seq. was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public..."

59. Plaintiff alleges that the Store was constructed with private funds and underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as the Store, undergo an "alteration, structural repair or addition."

60. Pursuant to the remedies, procedures, and rights set forth in Health & Safety Code § 19953, Plaintiff prays for judgment as set forth below.

## XI. FIFTH CAUSE OF ACTION:

## VIOLATION OF UNFAIR COMPETITION ACT

**(Unfair, Unlawful, Deceptive Business Practice: Bus. & Prof. Code, § 17200 et seq.)**

*(Against all Defendants and each of them)*

61. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 60 of this Complaint and incorporates them herein as if separately repled.

62. Defendants engage in business practices, offer their goods and services, and advertise their goods and services within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in §17200, et seq. of the Business & Professions Code.

63. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent

business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

64. The conduct previously alleged violated the Unfair Business Practices Act, including § 17200 of the Business & Professions Code, in that Defendants have represented that their services are available to all members of the general public, when in fact, Defendants deny full and equal access to their services to disabled individuals who depend on mobility aids by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, the California Disabled Persons Act, and False Advertising Practices Act as alleged herein.

65. Pursuant to the remedies, procedures, and rights set forth in § 17203 of the Business & Professions Code, Plaintiff prays for judgment and relief as set forth below.

## XII. SIXTH CAUSE OF ACTION:

## FALSE ADVERTISING PRACTICES ACT

### (Bus. & Prof. Code, § 17500 et seq.)

### *(Against all Defendants and each of them)*

66. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 65 of this Complaint and incorporates them herein as if separately repled.

67. Defendants engage in business practices, offer their goods and services, and advertise their goods and services within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the False Advertising Practices Act set forth in § 17500, et seq., of the Business & Professions Code.

68. The False Advertising Practices Act prohibits, inter alia, disseminating, making, or causing to be made, any statement concerning services which is known, or with the exercise of reasonable care should be known, to be untrue or misleading, by any corporation or employee thereof.

69. The previously alleged conduct of Defendants violates the False Advertising Act, including § 17500 of the Business & Professions Code, in that said Defendants have represented

that their services are available to all members of the general public, when, in fact, said Defendants deny full and equal access to such services to disabled individuals.

70.   Pursuant to the remedies, procedures, and rights set forth in Section 1780 of the Business & Professions Code, Plaintiff prays for judgment and relief as set forth below.

### XIII. PRAYER FOR RELIEF

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the Store to modify the above described property and premises and related facilities so that each provides full and equal access to all physically disabled persons, including but not limited to persons with physical disabilities who use scooters and walkers, and issue a preliminary and permanent injunction directing Defendants to provide and *maintain* facilities accessible to and usable by Plaintiff, and other and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Declare that Defendants have violated the ADA for purposes of recovering damages under California law;

4. Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

5. Award to plaintiff all reasonable restitution for defendants' unfair competitive practices and false advertising;

6. Award to plaintiff all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

7. Award to plaintiff prejudgment interest pursuant to California Civil Code § 3291;

8. Grant such other and further relief as this Court may deem just and proper.

Dated: September 12, 2019          /s/ Irene Karbelashvili
                                   Irene Karbelashvili, Attorney for
                                   Plaintiff DEBRA VOLLE

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: September 12, 2019          /s/ Irene Karbelashvili
                                   Irene Karbelashvili, Attorney for
                                   Plaintiff DEBRA VOLLE